WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CNA National Warranty Corporation, | No. CV-19-04516-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| RHN Incorporated, et al., | |
| Defendants. | |

Before the Court is CNA National Warranty Corporation's ("CNA") application for provisional remedy in the form of a writ of garnishment. (Docs. 4, 8). For reasons stated below, CNA's application is granted.

**I. Background**

On June 20, 2019, CNA filed this action, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, intentional misrepresentation, and negligent misrepresentation. (Doc. 1.) Concurrently, CNA filed an application for provisional remedy of garnishment. (Doc. 4.) CNA then filed its application for writ of garnishment with notice. (Doc. 8.) On July 5, 2019, Defendants filed an objection to CNA's application and requested a hearing pursuant to A.R.S. §§ 12-2403 and -2405. (Docs. 14 and 14-1.) On July 17, 2019, the Court held an evidentiary hearing. (Doc. 31.)

**II. Legal Standard**

"A party may at any time after the filing of a civil action, make application, under

oath, to the court to issue any provisional remedy allowed by law." A.R.S. § 12-2404(A). "Such application shall be filed with the [Court] . . . and shall set forth the factual and legal basis for each provisional remedy sought." *Id.* § 12-2404(B). Upon the filing of an application, a notice is issued to any party against whom any provisional remedy would operate. *Id.* §§ 12-2405; -2406. The party against whom the remedy would operate may request a hearing. *Id.* §§ 12-2405; -2407.

A hearing on an application for a provisional remedy is limited to the following issues: (1) "The probable validity of the applicant's claim or claims and any defenses and claims of personal property exemptions of the party against whom such provisional remedy will operate;" and (2) "[t]he existence of any statutory requirements for the issuance of any provisional remedies sought." *Id.* § 12-2410(C). The purpose of the hearing "is to afford a defendant an opportunity to attack the validity of the plaintiff's claim before issuance of a pre-judgment writ." *Granmo v. Superior Court*, 596 P.2d 36, 38 (Ariz. Ct. App. 1979). "If after hearing the court finds probable cause to believe the claim of the applicant is valid and that the statutory requirements for any provisional remedy have been met, such remedy shall be issued forthwith." A.R.S. § 12-2410(D).

**III. Discussion**

The Court may grant a provisional remedy if: (1) the party against whom the remedy will be enforced is served with the application and notice; (2) the statutory requirements for the issuance of the provisional remedy (writ of garnishment) are met; and (3) the applicant shows that's its claim or claims are probably valid. *Id.* §§ 12-2403; -2410. The Court discusses each requirement in turn.

**A. Application, Notice, and Service**

An application and notice for issuance of any provisional remedy must be filed with the clerk of the court and a copy of such notice and application must be served on the party against whom any remedy will operate. *Id.* § 12-2403(2). CNA filed its application for provisional remedy and writ of garnishment with the Court. (Docs. 4, 8.) Defendants were served with the application and notice. (Docs. 4-2; 15-21.) CNA therefore has satisfied

the application, notice, and service requirement.

## B. Statutory Requirements

Next, the applicant must meet all statutory requirements for the issuance of such provisional remedy. A.R.S. § 12-2403(1). The statutory requirements for an application for writ of garnishment of monies are as follows:

> 1. A statement that the applicant is a judgment creditor.[1]
>
> 2. A statement that the applicant has good reason to believe one of the following:
>
> (a) That the garnishee is indebted to the judgment debtor for monies which are not earnings.
>
> (b) That the garnishee is holding nonexempt monies on behalf of the judgment debtor.
>
> (c) That the garnishee has in his possession nonexempt personal property belonging to the judgment debtor.
>
> (d) That the garnishee is a corporation and the judgment debtor is the owner of shares in such corporation, or has a proprietary interest in the corporation.
>
> 3. The amount of the outstanding balance due on the underlying judgment, together with interest and accrued allowable costs, on the date the application is made, and the rate at which interest accrues on that judgment, or if no judgment has been entered, the amount of money damages requested in the judgment creditor's complaint.
>
> 4. The address of the garnishee.

*Id.* § 12-1572.

CNA offered the following: (1) statement that if it prevailed in its action, it would be a judgment creditor; (2) that it has good reason to believe that the garnishee, Banc of California, is indebted to the purported judgment debtor (Defendants) for monies which are not earnings; (3) that CNA's complaint seeks $6,046,092.00 in damages; and (4) the address of Banc of California. (Docs. 4, 8.) CNA's application for writ of garnishment

---

[1] "'Judgment creditor' means a person or entity that has a money judgment or an order for support of a person that is due and unpaid or an order pursuant to [Section 12-2401 et seq.] allowing him to garnish monies, personal property or shares of stock before final judgment on the underlying action." A.R.S. § 12-1570(5).

therefore complies with the statutory requirements.

## C. Probable Validity of Claim or Claims[2]

### 1. Compulsory Counterclaim Issue

As a preliminary matter, Defendants contend that CNA is barred from bringing this action because it was required to bring these claims as compulsory counterclaims in another suit.[3] (Doc. 14 at 4.) Specifically, Defendant RHN Incorporated filed suit against CNA for breach of the same contract at issue in this case ("First Action"). *RHN, Inc. v. CNA National Warranty Corporation*, 2:19-CV-02960-GMS (D. Ariz. removed April 26, 2019). On May 3, 2019, CNA filed a motion to dismiss in the First Action. (Doc. 8 in the First Action.) That motion remains pending.

Federal Rule of Civil Procedure 13(a) governs compulsory counterclaims, and states in pertinent part:

> A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
>
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

"The purpose and design of Rule 13(a) is to prevent multiplicity of litigation and to bring about prompt resolution of all disputes arising from common matters." *Local Union No. 11, Int'l Bhd. of Elec. Workers, AFL–CIO v. G.P. Thompson Elec., Inc.*, 363 F.2d 181, 184 (9th Cir. 1966). For that reason, "[i]f a party fails to plead a compulsory counterclaim, [the party] is held to waive it and is precluded by res judicata from ever suing upon it

---

[2] The Court's probable validity finding applies to CNA's request for a provisional remedy only. The Court's finding should not be construed as prejudging the merits of any future motions in this or the related, earlier-filed action currently pending before Chief Judge Snow.

[3] Defendants also contend that the applicable Arizona statutes only apply to Arizona Superior Courts and Justice Courts. (Doc. 14 at 2-3.) The Court disagrees. Federal Rule of Civil Procedure 64(a) is dispositive on the issue. "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing . . . property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a).

- 4 -

again." *Id.*

Rule 13, however, does not apply to every claim that could or should have been asserted in prior litigation. "Indeed, the language of the rule denotes that preclusion will only apply to claims that should have been asserted in a 'pleading.'" *Luis v. Metro. Life Ins. Co.*, 142 F. Supp. 3d 873, 878 (N.D. Cal. 2015). The Federal Rule of Civil Procedure define a pleading as: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). "[T]he bar to future suit does not arise if the defendant in the prior action did not file a responsive pleading." *MRW, Inc. v. Big-O Tires, LLC*, No. Civ. S-08-1732 LKK/DAD, 2008 WL 5113782, at *10 (E.D. Cal. Nov. 26, 2008); *see also Bluegrass Hosiery, Inc. v. Speizman Indus., Inc.*, 214 F.3d 770, 772 (6th Cir. 2000) ("Rule 13(a), however, only requires a compulsory counterclaim if the party who desires to assert a claim has served a pleading. . . . In other words, Rule 13(a) does not apply unless there has been some form of pleading.").

At present, CNA has yet to file a responsive pleading in the First Action. Instead, CNA filed a motion to dismiss pursuant to Rule 12(b)(6). "After such a motion to dismiss for failure to state a claim is made, there is no reason to file any other pleadings until the motion is acted upon. If the motion is granted, no further pleadings will be necessary. If the motion is denied, time is allotted in which to file an answer." *Lawhorn v. Atl. Ref. Co.*, 299 F.2d 353, 357 (5th Cir. 1962). Rule 12(a)(4) supports this understanding, as it provides that the ordinary time periods are altered when a party files a motion listed in Rule 12(b). *See* Fed. R. Civ. P. 12(a)(4). Accordingly, though the claims at issue here might become compulsory counterclaims in the First Action should CNA's motion to dismiss be denied, it is not presently the case that CNA must plead these claims as compulsory counterclaims in the First Action because CNA is not yet required to file a responsive pleading. This issue therefore does not impede the Court's ability to rule on CNA's application.

**2. CNA's Breach of Contract Claim is Probably Valid**

"In order to state a claim for breach of contract, a plaintiff must allege the existence of a contract between the plaintiff and defendant, a breach of the contract by the defendant, and resulting damage to the plaintiff." *Snyder v. HSBC Bank, USA, N.A.*, 873 F. Supp. 2d 1139, 1148 (D. Ariz. 2012).

At the hearing, CNA offered into evidence a contract between Defendants and CNA ("Override Agreement"). (Doc. 4-1 at 1-11.) CNA's Chief Financial Officer John Laughlin testified to the following at the hearing:

- The Override Agreement provides, among other things, that upon the parties' execution, CNA would advance $5,000,000.00 to Defendants.
- The Override Agreement was executed in late 2017 and in January 2018 CNA advanced the funds to Defendants.
- The Override Agreement provided the method and timing by which Defendants were required to repay the advance to CNA.
- The Override Agreement provided monthly production requirements for vehicle service and tire and wheel service contracts Defendants were obligated to sell. The Override Agreement also required that Defendants remit no less than $104,167.00 per month from the sale of these service contracts to CNA to satisfy repayment of the advance.
- Pursuant to the Override Agreement, Defendants were required to immediately pay CNA the difference between the minimum monthly payment of $104,167.00 and the amount applied to Defendants' repayment by virtue of sales of service contracts in any month in which the amount applied was less than the required minimum payment.
- Under the Override Agreement, if the Defendants materially breached the terms of the Override Agreement, including by failing to make the minimum monthly remittance payment of $104,167.00 or by failing to sell the requisite number of service contracts, CNA could, with written notice, declare all outstanding funds owed to CNA immediately due and payable by Defendants.

- At some point in 2018, Defendants failed to sell the required number of service contracts and failed to make the required monthly payments for repayment of the advance. Defendants' breach of the contract continued.
- In February 2019, CNA provided Defendants with sufficient written notice of Defendants' breach of the Override Agreement.
- In March 2019, CNA declared due and immediately payable the entire outstanding amounts owed under the Override Agreement.
- As of the May 2019, Defendants owe CNA $6,046,092.00.

Based on the Override Agreement and Laughlin's testimony, the Court finds that CNA's claim for breach of contract is probably valid.[4]

**IV. Conclusion**

CNA has served Defendants with the application and notice, met the statutory requirements, and demonstrated that its breach of contract claim is probably valid. Because CNA seeks a provisional remedy, however, "a writ shall not be issued until the judgment creditor executes and delivers to the court a bond payable to the judgment debtor in the amount of the debt claimed therein[.]" A.R.S. § 12-1573. Therefore, upon receiving notification on the public docket that CNA has executed and delivered such a bond, the Court will issue the writ of garnishment. Accordingly,

**IT IS ORDERED** that CNA's application for writ of garnishment (Doc. 8) is **GRANTED**, contingent upon executing and delivering to the Clerk of Court a cash bond in the amount of **$6,046,092.00** by no later than July 22, 2019.

//
//
//
//

---

[4] At the hearing, Defendants' counsel requested the Court take judicial notice of an alleged amended version of the Override Agreement filed in the First Action ("Amended Override Agreement"). Even if the Court were to take judicial notice of such, its probative value is minimal. Defendants offered no evidence authenticating the Amended Override Agreement. Nor did Defendants explain why the Amended Override Agreement is unsigned by CNA.

1  **IT IS FURTHER ORDERED** that upon notice that the bond has been posted the Clerk of Court shall issue the writ of garnishment without further order from the Court.

Dated this 18th day of July, 2019.

_/s/ Douglas L. Rayes_
Douglas L. Rayes
United States District Judge