**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CNA National Warranty Corporation, | No. CV-19-04516-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| RHN Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Defendants' RHN, Inc. ("RHN"), RHH Automotive, Inc., RHC Automotive, Inc., NBA Automotive, Inc., R&H Automotive Group, Inc., Hooman Nissani, and Melody Nissani (collectively, "Defendants") Motion to Dismiss (Doc. 29). For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff CNA National Warranty Corporation ("CNA") provides automobile dealers and their customers with Vehicle Service Contracts ("VSCs"). Defendants own and operate automobile dealerships. This action arises out of the parties' agreement for Defendants to sell CNA's VSCs to Defendants' customers. Each party now asserts claims against the other, in separate actions, for breach of the agreement. The procedural posture of the two actions is particularly relevant to this motion.

In March 2019, RHN, Inc. filed suit in Pima County Superior Court against CNA for, *inter alia*, breach of the aforementioned agreement ("First Action"). CNA properly removed the First Action to federal court, and it is now before the Court. CNA filed a

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The order addressing the motion was filed concurrent with the present order. (RHN Inc. v. CNA Nat'l Warranty Corp. et al., CV-19-02960-GMS (Doc. 25)). Because CNA's Motion to Dismiss has been pending before the Court, CNA has not yet filed a responsive pleading in the First Action.

In June 2019, CNA filed this action ("Second Action") alleging, *inter alia*, breach of the same agreement. The Defendants in the Second Action now move to dismiss CNA's complaint pursuant to Rule 12(b)(6), asserting that CNA's claims are compulsory counterclaims that can only be raised in the ongoing First Action.

## DISCUSSION

### I. Legal Standard

In ruling on a motion to dismiss under Rule 12(b)(6), "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Hydranautics v. FilmTec Corp.,* 70 F.3d 533, 535 (9th Cir.1995). A complaint will "not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 535–36.

Federal Rule of Civil Procedure 13(a) requires that a pleading state as a counterclaim "any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction ." "The rule bars a party who failed to assert a compulsory counterclaim in one action from instituting a second action in which that counterclaim is the basis of the complaint." *Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League*, 652 F.2d 852, 854–55 (9th Cir.1981) (citing *S. Const. Co. v. Pickard*, 371 U.S. 57, 60 (1962)).

### II. Analysis

The Defendants' arguments to dismiss the Complaint have already been addressed by this Court (Doc. 36). Concurrent with this action, CNA also filed an application for

garnishment. Defendants objected, in part, on the grounds that CNA was barred from bringing the Second Action because it was required to bring the asserted claims as compulsory counterclaims in the First Action. This Court, the Honorable Douglas Rayes presiding,[1] explained that the preclusion imposed by Rule 13 "does not arise if the defendant in the prior action did not file a responsive pleading." (Doc. 36 at 5) A motion to dismiss is not a responsive pleading. Fed. R. Civ. P. 7(a). The court concluded that, "though the claims at issue here might become compulsory counterclaims in the First Action should CNA's motion to dismiss be denied, it is not presently the case that CNA must plead these claims as compulsory counterclaims in the First Action because CNA is not yet required to file a responsive pleading." *Id.*

CNA's obligation to file a responsive pleading in the First Action was only recently triggered by the Court's order denying in part and granting in part CNA's motion to dismiss. Until CNA files a responsive pleading in the First Action, Rule 13 has no preclusive effect.[2] Defendants' Motion to Dismiss is denied.

Additionally, in light of the common questions of law and fact, the Court is inclined to consolidate the two actions. If either party has any objection to consolidation, they must notify the Court in writing within ten days of the date of this order.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendants (Doc. 29) is **DENIED.**

///
///
///
///

---

[1] The Second Action was later transferred to the Court "in the interest of judicial economy." (Doc. 37)

[2] CNA also asserts that its claims against defendants other than RHN, Inc. are not compulsory counterclaims because the other defendants are not "opposing parties" in the First Action. However, because the Court finds that Rule 13 is not yet applicable to the Second Action, this alternative argument is moot.

**IT IS FURTHER ORDERED** that the parties submit any objections to consolidation within **10 days** from the date of this order.

Dated this 13th day of September, 2019.

_____
G. Murray Snow
Chief United States District Judge