**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CNA National Warranty Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RHN Incorporated, et al.,<br><br>Defendants. | No. CV-19-04516-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Defendants RHN, Inc. et al.'s ("Defendants") Motion to Quash Prejudgment Writ of Garnishment (Doc. 41) and Motion to Seal (Doc. 42). For the following reasons, the Court grants both motions.

**BACKGROUND**

On June 20, 2019, Plaintiff CNA National Warranty Corporation ("CNA") filed a Complaint (Doc. 1) and Application for Provisional Remedy of Garnishment with Notice ("Application") (Doc. 4) in this Court. CNA sought to garnish up to $6,046,092.00 from Defendants' accounts held at Banc of California located in Los Angeles, California. Defendants objected to CNA's Application for Provisional Remedy on the following grounds: (1) prejudgment remedies can only be awarded in state court, not federal court (2) this Court did not have jurisdiction to hear CNA's Application because CNA's Complaint and Application should have been brought as compulsory counterclaims in a

separate action pending in this Court;[1] (3) CNA would not be able to demonstrate that its claims against Defendants were probably valid; and (4) CNA did not fulfill the statutory requirements for provisional remedies codified in A.R.S. §§ 12-2402 (Provisional Remedies Without Notice; Grounds for Issuance), 12-2403 (Provisional Remedies with Notice; Grounds), and 12-2404 (Application for Provisional Remedy with Notice).

On July 17, 2019, after the parties fully briefed Defendants' Objection to Application for Provisional Remedy, both parties participated in an evidentiary hearing regarding CNA's Application. This Court granted CNA's Application contingent on CNA posting a surety bond—CNA complied. The Clerk of the Court promptly issued the Writ of Garnishment ("Writ") naming Banc of California as the Garnishee on July 19, 2019. Defendants filed the present motion to quash the Writ on July 22, 2019. In a separate motion, Defendants also move for an exhibit admitted during the evidentiary hearing on CNA's Application for Provisional Remedy of Garnishment to remain under seal.

**DISCUSSION**

**I.     Motion to Quash Prejudgment Writ of Garnishment**

Defendants assert that Arizona courts do not have jurisdiction to issue a writ of garnishment for a bank account in an out-of-state bank. Because the Writ is directed to an out-of-state bank, Defendants argue that the Writ must be quashed for lack of jurisdiction. CNA argues (1) that Defendants waived any objection to personal jurisdiction over the garnishee by not raising that objection before or during the evidentiary hearing; and (2) that Defendants' argument is irrelevant because it assumes that CNA intends to serve the Arizona Writ without first domesticating it in California.

**A. Waiver**

CNA contends that "the appropriate time to adjudicate the [jurisdictional] issues raised in Defendants' Motion was at or before the evidentiary hearing on [CNA's] Application." (Doc. 48 at 6.) Because Defendants failed to do so, CNA argues that

---

[1] RHN, Inc., a defendant in this action, previously filed suit against CNA in this Court in March 2019 ("First Action"). Pursuant to the Court's prior order in the present action (Doc. 25) the First Action and the present action will be consolidated. Order to follow.

- 2 -

Defendants' objection is waived and Defendants' Motion to Quash is improper. CNA, however, fails to cite any authority suggesting that a jurisdictional objection is waived if not raised at the first hearing addressing the application.

To the contrary, CNA explains that Defendants are afforded an opportunity to raise objections "not later than ten days after the receipt of the [Garnishee's] answer." (Doc. 48 at 6) (citing A.R.S. § 12-1580). The governing statute, A.R.S. § 12-1580, provides, "[a] party who has an objection to the writ of garnishment, the answer of the garnishee or the amount held by the garnishee or a party claiming an exemption from garnishment *may*, *not later than* ten days after the receipt of the answer, file a written objection and request for hearing." *Id* (emphasis added). CNA advances a narrow interpretation of this statute by suggesting that any meritorious objections may only be made after Banc of California is served with the writ. The plain language of the statute, however, does not impose such a restriction. *Id.* The statute imposes a deadline, but it does not prevent an objection from being raised before the writ is served.

In the absence of authority to the contrary, Defendants did not waive their objection by failing to raise it in the application hearing.

**B. Jurisdiction**

Provisional remedies are available in federal court in accordance with the law of the forum state. Fed. R. Civ. P. 64. Arizona courts apply the Restatement (Second) of Conflict of Laws ("Restatement") with respect to extraterritorial garnishment. *See Ellsworth Land Livestock Inc. v. Bush*, 224 Ariz. 542, 544, 233 P.3d 655, 657 (Ct. App. 2010) (applying Restatement § 68 to determine whether an Arizona Court has jurisdiction to issue a writ of garnishment to garnish a debt owed by an out of state garnishee); *Desert Wide Cabling & Installation, Inc. v. Wells Fargo & Co.*, 191 Ariz. 516, 518, 958 P.2d 457, 459 (Ct. App. 1998) (applying Restatement § 67(b) to determine whether an Arizona Court has jurisdiction to issue a writ of garnishment for property located outside the state). In the instant case Restatement § 67(b) governs. *See Desert Wide Cabling*, 191 Ariz. at 518, 958 P.2d at 459.

Restatement § 67(b) sets forth three requirements: (1) a statute of the forum state must authorize bringing the action; (2) the garnishee must be subject to the jurisdiction of the state, and (3) the chattel must be within the state. Restatement (Second), Conflict of Laws § 67(b). It is undisputed that the garnishee, Banc of California, is located exclusively in California and is not subject to personal jurisdiction in Arizona. It is also undisputed that the accounts to be garnished are similarly located in California, and not within Arizona. Thus, under Arizona law, Arizona courts do not have jurisdiction to order a writ of garnishment under these circumstances.

The Arizona Court of Appeals came to a similar conclusion in *Desert Wild Cabling—* "we hold that an Arizona court does not have jurisdiction to issue a writ of garnishment to attach a bank account in an out-of-state branch of an interstate bank which does business in Arizona." 191 Ariz. at 516, 958 P.2d at 457. In *Desert Wild Cabling*, the court determined that the Arizona statute governing service of writs of garnishment, A.R.S. § 12–1577(A), does not permit a writ to be served outside of the state. *Id.* at 517, 458.

CNA's argument that the *Desert Wild Cabling* holding is limited to the service of Arizona writs, and not to the service of domesticated writs is not persuasive. Domesticating the writ in California before serving it does not resolve this Court's lack of jurisdiction to issue the writ in the first instance. Full faith and credit principles apply only to final judgments validly rendered, not to pre-judgment remedies the issuing court had no authority to issue. *Heath v. Mayer*, 2 CA-CV 2018-0005, 2018 WL 3689169, at *2 (Ariz. Ct. App. Aug. 1, 2018) ("[T]he Full Faith and Credit Clause requires that a final judgment entered in a sister state must be respected by the courts of this state absent a showing of fraud, lack of due process, or lack of jurisdiction in the rendering state.") (citing U.S. Const. art. IV, §1).

Because this Court does not have jurisdiction to issue a writ of garnishment to attach a bank account in an out-of-state bank, the writ of garnishment is quashed. CNA may pursue obtaining a writ in a state with jurisdiction.

## II. Motion to Seal

Defendants also request that Exhibit 5, admitted under seal at the July hearing on CNA's Application for Provisional Remedy of Garnishment (Doc. 47 at 45-46), remain under seal.

Rule 26(c) authorizes a district court to override the presumption that discovery materials are public where good cause is shown. *San Jose Mercury News, Inc. v. U.S. Dist. Ct., N.D. Cal.*, 187 F.3d 1096, 1103 (9th Cir. 1999). The good cause standard remains applicable when the document sought to be sealed was submitted with a non-dispositive motion. *Mesa Bank v. Cincinnati Ins. Co.*, 09–12–PHX–GMS, 2009 WL 247908, at *1 (D. Ariz. Feb. 3, 2009) (citing *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

The Court finds good cause to keep the exhibit under seal in light of the highly sensitive personal financial information illustrated in the exhibit. Moreover, the Court did not consider the exhibit in the previous application hearing because the theory that the exhibit was admitted to support was abandoned during the hearing. Thus, the sealing of the exhibit will not interfere with the public interest in understanding the judicial process. *See Aviva USA Corp. v. Vazirani*, 902 F. Supp. 2d 1246, 1273–74 (D. Ariz. 2012) (granting a party's motion to seal because the court found it would "not interfere with the public's interest in understanding the judicial process").

**IT IS ORDERED** that Defendants' Motion to Quash Prejudgment Writ of Garnishment (Doc. 41) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Seal Exhibit 5 (Doc. 42) is **GRANTED.**

Dated this 10th day of October, 2019.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge